UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL R.,

        Plaintiff,

        v.                                      **DECISION AND ORDER**
                                                        19-CV-1413S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

1.      Plaintiff Michael R.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied his application for supplemental security income under Title XVI of the Act. (Docket No. 1.) The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

2.      Plaintiff filed his application with the Social Security Administration on October 14, 2015. (R.[2] at 99.) Plaintiff alleged disability beginning on October 20, 2014, due to arthritis of his lower back, two herniated lower back discs, sciatic nerve pain, severe anxiety, depression, severe astigmatism, high cholesterol, morbid obesity, allergy to bees, and bipolar disorder. (R. at 100.) Plaintiff's application was denied, and Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ"). On September 13, 2018, ALJ Melissa Lin Jones held a hearing, at which Plaintiff, represented by his attorney, appeared and testified. (R. at 66-98.) Vocational Expert Millie Droste also

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by his first name and last initial.
[2] Citations to the underlying administrative record are designated as "R."

appeared and testified by telephone. At the time of the hearing, Plaintiff was 30 years old, with a twelfth-grade education and prior work experience in housekeeping and retail. (R. at 99, 111, 271.)

3. The ALJ considered the case *de novo* and, on September 24, 2018, issued a written decision denying Plaintiff's application for benefits. (R. at 18-31.) On August 23, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (R. at 1.) Plaintiff then filed the current action on October 21, 2019, challenging the Commissioner's final decision.[3]

4. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 8, 10.) Plaintiff filed a response on June 12, 2020 (Docket No. 11), at which time this Court took the motions under advisement without oral argument. For the reasons that follow, Plaintiff's motion is granted, and Defendant's motion is denied.

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where

---

[3] The ALJ's September 24, 2018, decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

6. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

8. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not,

3

> the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

9. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10. The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 14, 2015. (R. at 20.) At step two, the ALJ found that Plaintiff has

the severe impairments of intervertebral disc displacement, lumbosacral spine, and obesity. (Id.) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (R. at 23.)

11. Next, the ALJ found that Plaintiff retains the residual functional capacity ("RFC") to perform sedentary work, except he

> can only occasionally balance, stoop, kneel, crouch or crawl; requires a cane for ambulation and balance and is limited to simple routine tasks and simple decisions in dealing with changes in the work setting.

(R. at 23.)

12. At step four, the ALJ found that Plaintiff has no past relevant work. (R. at 30.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Id.) Accordingly, the ALJ found that Plaintiff is not disabled. (R. at 31.)

13. Plaintiff argues that the ALJ's opinion is not supported by substantial evidence because the ALJ failed to give proper weight to the opinions of Dr. Frederick Piwko and Dr. Peter Capicotto and failed consider his limited ability to deal with stress. Defendant argues that the ALJ's decision is supported by substantial evidence.

14. For claims filed before March 27, 2017, such as this one, the Commissioner evaluates medical opinion evidence under the framework set forth in 20 C.F.R. § 404.1527.[4] Under that framework, the Commissioner is required to evaluate and consider

---

[4] For claims filed on or after March 27, 2017, the Commissioner evaluates medical evidence under 20 C.F.R. § 404.1520c.

5

every medical opinion submitted, together with the rest of the relevant evidence. See 20 C.F.R. § 404.1527 (b) and (c). The opinion of a treating physician is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c). To determine what weight to afford a medical opinion not from a treating physician, or from a treating physician not entitled to controlling weight, the Commissioner considers the following factors: whether the medical source has examined the claimant (with more weight afforded to the opinion of a source who has); whether the medical source has a treatment relationship with the claimant (with more, if not controlling, weight afforded to the opinion of a treating source); whether the medical source's opinion is supported (with more weight afforded to well explained opinions supported by diagnostic findings and other relevant evidence); whether the medical source's opinion is consistent with the record as a whole (with more weight afforded to opinions that are); whether the medical source is a specialist (with more weight afforded to the opinion of a specialist in the relevant field than to the opinion of a non-specialist); and whether there are other relevant factors informing the medical source's opinion (with more weight afforded to medical sources who understand the social security disability process and its evidentiary requirements or who are familiar with the other information in the claimant's case record). See 20 C.F.R. §§ 404.1527 (c)(1)-(6), 416.927 (c)(1)-(6); Smith v. Comm'r of Soc. Sec., 351 F. Supp. 3d 270, 279 (W.D.N.Y. 2018).

15. After considering these factors, the Commissioner must adequately explain the weight afforded to the medical opinions. See Falbru v. Berryhill, No. 6:17-CV-6314 (MAT), 2018 WL 1553965, at *2 (W.D.N.Y. Mar. 30, 2018) ("Remand is appropriate where

an ALJ fails to consider these factors and to adequately explain the weight given to the consultative examiner's opinion."); Hatcher v. Astrue, 802 F. Supp. 2d 472, 476 (W.D.N.Y. 2011) ("The ALJ must then articulate his reasons for assigning the weight that he does to both treating and nontreating physicians' opinions."). Failure to provide "'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." Burgess v. Astrue, 537 F.3d 117, 129–30 (2d Cir. 2008) (citing Snell v. Apfel, 177 F.3d 128, 133 (2d Cir.1999)). However, an ALJ's failure to consider the above factors can be harmless error, if "a searching review of the record" assures a court that "the substance of the treating physician rule was not traversed." Estrella v. Berryhill, 925 F.3d 90, 93 (2d Cir. 2019).

16. Plaintiff was treated for back pain throughout the relevant period. An MRI of his lumbar spine in November 2015 showed straightening of the normal lumbar lordosis, evidence of acute compression fractures, spurring, loss of disc height, and central canal neural foraminal stenosis. (R. at 390.) On June 2, 2015, he was assessed with degenerative spondylitic changes at all levels and bridging osteophytes at L2-L3. (R. at 393.) He received epidural injections for his lumbar spine. (R. at 533.) Physical examinations regularly showed decreased flexion, extension, and lateral bending of his spine. (See, e.g., 481, 487, 503, 517, 529, 533.) Imaging on April 8, 2016, showed loss of disc space height and diffuse annular bulge (R. at 564.) Plaintiff testified that he seldom did chores, could not stand or sit for long, spent his days watching television and playing video games, and spent 35-40% of an average day lying down (R. at 75, 78, 83). On a questionnaire about his activities of daily living, Plaintiff stated that he ate at restaurants or went to movies two to three times per week. (R. at 286.)

7

17. Spine surgeon Dr. Capicotto filled out a medical source statement on July 1, 2016, opining that Plaintiff could sit for 15-20 minutes at a time, stand or walk for 1 to 2 hours at a time, and that he would need to lie down 1 to 2 hours during an 8-hour workday. (R. at 616-19.)

18. On June 18, 2018, Dr. Frederick Piwko filled out a medical source statement, on which he opined that Plaintiff would be absent from work more than four times per month due to his impairments; that he could sit up to 30 minutes at a time, but needed to alternate postures by lying down after sitting or standing. (R. at 792-93.) Dr. Piwko also opined that Plaintiff would need to lie down due to his pain for more than 2 hours per day. (R. at 794.)

19. The ALJ gave little weight to both of these opinions. The ALJ stated that Dr. Piwko's opinion merited little weight because it was internally inconsistent, citing the fact that Dr. Piwko stated that Plaintiff's restrictions began in 2014, but also wrote that his date of initial assessment was June 18, 2018. (R. at 29.) She also gave Dr. Piwko's statement little weight because he stated that the form was "completed based on the subjective reports from the claimant." (Id.)

20. The ALJ did not properly consider Dr. Piwko's opinion. Plaintiff argues that the opinion merited controlling weight as the opinion of a treating physician. But even if Dr. Piwko were not a treating physician, the ALJ was still required to consider the regulatory factors in determining what weight to give it. Plaintiff was treated at Dr. Piwko's medical practice, by physician assistants overseen by Dr. Piwko, from June 5, 2015 on. (R. at 479.) Plaintiff's most recent visit at Dr. Piwko's office was June 18, 2018, when he was seen by Physician's Assistant Amber Nocek, and Dr. Piwko signed off on her note.

8

(R. at 735.) Thus, the June 18, 2018, "date of initial evaluation" given by Dr. Piwko on the form appears to be a careless error.

21. An opinion can be given less weight due to its inconsistency with the rest of the record. See 20 C.F.R. §§ 404.1527 (c)(4), 416.927 (c)(4). But the inconsistency noted by the ALJ is not an inconsistency with the rest of the record. The substantive limitations Dr. Piwko opined to, in fact, appear to be consistent with the record as a whole, including regular exam findings of limited mobility, positive straight leg tests, MRI results, and Plaintiff's own activities of daily living. Rejecting an opinion based on what appears to be a careless error in filling out the form does not constitute a "good reason" as required by the regulations.

22. It is not clear what Dr. Piwko meant when he wrote "all completed with subjective reports from Plaintiff," particularly given that he wrote an illegible note right above this statement. (R. at 796.) But neither is it clear that relying on Plaintiff's subjective complaints, at least to some extent, would warrant rejecting Dr. Piwko's opinion. A treating source may take into account the patient's subjective complaints. Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) ("Medically acceptable clinical and laboratory diagnostic techniques include consideration of a patient's report of complaints, or history, as an essential diagnostic tool."). However, "a treating source's opinion is not considered well-supported if it is based entirely on the claimant's own subjective reports." Feringa v. Comm'r of Soc. Sec., No. 515CV785LEKCFH, 2016 WL 5417403, at *8 (N.D.N.Y. Sept. 9, 2016), report and recommendation adopted, No. 515CV785LEKCFH, 2016 WL 5415780 (N.D.N.Y. Sept. 28, 2016) (quoting Capron v. Colvin, 14-CV-6080 (JCS), 2015

W L 3906723, *9 n.10 (W.D.N.Y. June 25, 2015) (citing Baladi v. Barnhart, 33 F. App'x. 562, 563 (2d Cir. 2002) and Polynice v. Colvin, 576 F. App'x. 28, 31 (2d Cir. 2014)).

23. Here, Dr. Piwko examined Plaintiff shortly before completing the opinion form. This supports an inference that the form was not competed *entirely* based on Plaintiff's subjective complaints. Combined with the consistency of Dr. Piwko's opinion with the rest of the record, this Court finds that Dr. Piwko's use of subjective reports from Plaintiff was not, by itself, a good reason to reject Dr. Piwko's opinion.

24. As for the opinion of Dr. Capicotto, the ALJ rejected his opinion that Plaintiff was "markedly disabled" as an issue reserved to the Commissioner. She also found his opinion internally inconsistent because at one point he stated that the total cumulative resting, lying down, or reclining needed was 1-2 hours but later opined that Plaintiff needed to lie down 2-4 hours per day. (R. at 618.) The ALJ also considered that the fact that Dr. Capicotto's opinion was "per" Plaintiff made it less reliable. (R. at 29.)

25. An ALJ can reject an opinion that a patient is disabled, since the assessment of disability is reserved to the Commissioner. See 20 C.F.R. § 404.1527 (d)(1); § 416.927 (d)(1). Thus, the ALJ was under no obligation simply to adopt Dr. Capicotto's opinion that Plaintiff was "markedly disabled." However, as with Dr. Piwko's opinion, the inconsistencies the ALJ found in Dr. Capicotto's opinion do not constitute the "good reasons" required by the regulations. The inconsistency the ALJ discussed was whether Plaintiff needed to lie down 1-2 hours per day or 2-3 hours per day, which is admittedly inconsistent. But the opinion is consistent regarding the fact that Plaintiff needed to lie down for some amount of time during the day, something Dr. Piwko's opinion and Plaintiff's testimony and activities of daily living support, and something the ALJ did

not cite any record evidence to refute. Further, in rejecting Dr. Capicotto's opinion, the ALJ did not take note of his credentials as a spine specialist or of the fact that he had reviewed Plaintiff's MRI results and had personally examined Plaintiff. Instead of considering these regulatory factors, the ALJ rejected Dr. Capicotto's opinion based on what appears to be a careless error. The ALJ also asserted that the fact that Dr. Capicotto wrote that his opinion was "per plaintiff" justified giving it little weight. As above, this is not a sufficient reason for rejecting Dr. Capicotto's opinion, particularly given the fact that Dr. Capicotto examined Plaintiff and reviewed his imaging results. For all these reasons, this Court finds that the ALJ did not give the required "good reasons" for rejecting the opinions of Dr. Piwko's and Dr. Capicotto's opinions, and ALJ's RFC is therefore not based on substantial evidence.

26. Plaintiff also argues that the ALJ's RFC determination failed to account for the "moderate limitations" in dealing with stress assessed by consultative psychologist Dr. Janine Ippolito. This Court offers no opinion on this argument at this time since the case is being remanded on other grounds. On remand, the ALJ is free to address this argument to the extent she deems necessary.

27. After carefully examining the administrative record, this Court finds cause to remand this case to the Commissioner for further administrative proceedings consistent with this decision. Plaintiff's motion for judgment on the pleadings is therefore granted. Defendant's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated: June 28, 2021
       Buffalo, New York

                                              s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge